11-3956-cr
United States v. Burgos

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                              Chief Judge,
                 GUIDO CALABRESI,
                 ROBERT D. SACK,
                              Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
          Appellee,

          -v.-                                          11-3956-cr

Cesar Garcia, AKA Panda, Luis Robles-Roman,
AKA Roman, Nathanael R. Ortiz, AKA Bebe,
Demetrio Hernandez, AKA Chello, Cesar Garcia,
AKA Asabache, Victor Tavares, AKA Daddy
Yankee, Alberto Henriquez, AKA Pena, Jose
Henriquez, AKA Jelpy,
          Defendants,

MIGUEL BURGOS,
          Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANT:**   JAMES A. COHEN (Ian S. Weinstein and Michael W. Martin, on the brief; Melanie Burke and Manuel F. Gomez, law students, arguing and on the brief; Zachary Groendyk and Yan Qin, law students, on the brief), Lincoln Square Legal Services, Inc., Fordham University School of Law, New York, New York.

**FOR APPELLEE:**   JESSICA ORTIZ (Todd Blanche and Justin S. Weddle, on the brief), Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Miguel Burgos appeals from the judgment of the United States District Court for the Southern District of New York (Stein, J.), convicting him after a jury trial of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Burgos challenges the adequacy of evidence to support the conscious avoidance instruction. We review a claim of error in jury instructions de novo, reversing only where there was prejudicial error in the charge as a whole. United States v. Ebbers, 458 F.3d 110, 124 (2d Cir. 2006). We are to "examin[e] 'the entire charge to see if the instructions as a whole correctly comported with the law.'" United States v. Ferguson, 676 F.3d 260, 275 (2d Cir. 2011) (quoting United States v. Jones, 30 F.3d 276, 283 (2d Cir. 1994)). When a defendant challenges the factual predicate for a conscious avoidance instruction, we may consider it a challenge to the sufficiency of the evidence, where the defendant bears a heavy burden and we view the evidence in

2

the light most favorable to the government. United States v. Aina-Marshall, 336 F.3d 167, 171 (2d Cir. 2003).

A conscious avoidance instruction may be given only:

(i) when a defendant asserts the lack of some specific aspect of knowledge required for conviction, and (ii) the appropriate factual predicate for the charge exists, i.e., the evidence is such that a rational juror may reach the conclusion beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact.

Ferguson, 676 F.3d at 278 (internal quotation marks omitted). Burgos asserts that he did not know the unlawful objectives of the conspiracy. The only question, therefore, is whether a rational juror could conclude beyond a reasonable doubt that Burgos was aware of a high probability of the unlawful objectives and consciously avoided confirming the fact.

Under Ferguson, "[r]ed flags about the legitimacy of a transaction can be used to show both actual knowledge and conscious avoidance." Id. We will uphold "a conscious avoidance instruction [if] the *prior dealings between the parties* . . . and the *statements about the transactions* . . . provided the factual predicate for the charge." Id. (emphases added). In addition, a defendant need only be aware of a high probability of *some* of the conspiracy's unlawful aims. United States v. Lanza, 790 F.2d 1015, 1022-23 (2d Cir. 1986). A conscious avoidance charge is appropriate where a defendant "assert[s] what amounts to ignorance of the specific objectives alleged in the indictment." Id. at 1023.

Here, many red flags made Burgos aware of a high probability that the hydraulic pump that he purchased for his childhood friend would be used to commit robberies, including that the pump was advertised for "forcible entry" use and testimony that co-conspirators had discussed some of their robbery plans in front of Burgos, even asking him to join. A rational jury could conclude that Burgos was aware of such a probability and consciously avoided confirming that fact. Contrary to Burgos's assertion at oral argument and in supplemental briefing, it was not necessary for the government to show that Burgos was aware of a high

3

probability that the pump would be used for robberies *of drug dealers* (as charged in the indictment), only that he was aware of a high probability that the pump would be used for some of the conspiracy's unlawful aims, such as robberies generally. See Lanza, 790 F.2d at 1022-23 (holding that "the government must demonstrate that the accused had *some* knowledge of [the conspiracy's] unlawful aims" (emphasis in original)).

In any event, the charge as a whole made clear that, despite the conscious avoidance instruction, Burgos should not be convicted based on negligence or recklessness. Accordingly, we reject Burgos's challenge to the conscious avoidance instructions.

**2.** Burgos argues that the district court erred by refusing to instruct the jury that it was necessary for Burgos to have a financial stake in the venture in order to convict him of conspiracy. But "[i]t is not necessary to charge the jury that each conspirator must be found to have a 'stake in the success' of the conspiracy for the use of such an expression would be misleading as it might infer that there must be a showing of some personal financial interest in the outcome of the conspiracy." United States v. Torres, 901 F.2d 205, 245 (2d Cir. 1990) (citing United States v. Tramaglino, 197 F.2d 928, 931 (2d Cir. 1952)). Burgos's requested "stake in the venture" charge is inconsistent with the law, and thus, the district court did not err in refusing to give it.

**3.** Burgos claims that the government suppressed evidence, in violation of Brady v. Maryland, 373 U.S. 83 (1963), by failing to ask one of the cooperating witnesses a specific question during the proffer sessions that led to Burgos's indictment. Under Brady, "the Government has a constitutional duty to disclose favorable evidence to the accused where such evidence is 'material' either to guilt or to punishment." United States v. Coppa, 267 F.3d 132, 139 (2d Cir. 2001) (citing Brady, 373 U.S. at 87). "[A] Brady violation occurs only where the government suppresses evidence that 'could reasonably [have been] taken to put the whole case in such a different light as to undermine confidence in the verdict.'" Id. (quoting Kyles v. Whitley, 514 U.S. 419, 435 (1995)).

The Brady rule requires prosecutors to learn of any favorable evidence known to other members of the prosecution

team, including police. See Strickler v. Greene, 527 U.S. 263, 280-81 (1999); United States v. Locascio, 6 F.3d 924, 949 (2d Cir. 1993). But this duty is not limitless, and this Court has never held that the "prosecution team" includes cooperating witnesses. Moreover, "[e]vidence is not 'suppressed' if the defendant either knew, or should have known, of the essential facts permitting him to take advantage of any exculpatory evidence." United States v. LeRoy, 687 F.2d 610, 618 (2d Cir. 1982) (internal citations omitted). In this case, therefore, the government did not "suppress" any evidence by failing to ask one of the cooperating witnesses a specific question, especially considering that Burgos knew all of the essential facts that would have allowed him to ask that witness the same question.

For the foregoing reasons, and finding no merit in Burgos's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK