United States v. Barcelo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of October, two thousand fifteen.

PRESENT:  GERARD E. LYNCH,
                    RAYMOND J. LOHIER JR.,
                    SUSAN L. CARNEY,
                            *Circuit Judges*,
_____

UNITED STATES OF AMERICA,
                                    *Appellee*,

                    v.                                        No.    14-3044

VICTOR BARCELO,
                                    *Defendant-Appellant*.
_____

**FOR APPELLANT:**          Charles F. Willson, Nevins Law Group LLC
                                        East Hartford, CT.

                                        Victor Barcelo, pro se, Fort Dix, NJ, submitted a
                                        supplemental brief

**FOR APPELLEE:**            Brendan F. Quigley, Daniel S. Noble, Justin Anderson,
                                        Assistant United States Attorneys, *for* Preet Bharara,
                                        United States Attorney for the Southern District of New
                                        York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Richard J. Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Victor Barcelo appeals from his conviction, after a jury trial, for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(c) and 846. Barcelo argues that the district court erred in denying his motions for a mistrial, a new trial, and a reopened suppression hearing, alleging multiple violations of his rights under Brady v. Maryland, 373 U.S. 83 (1963). Barcelo also argues in a pro se brief that his conviction must be set aside because it was obtained using perjured testimony. We assume the parties' familiarity with the facts, to which we refer only as necessary to explain our decision to affirm the conviction.

We review the denial of a motion for a mistrial or new trial "for an abuse of discretion" and "accept the district court's factual findings unless they are clearly erroneous." United States v. McCourty, 562 F.3d 458, 475 (2d Cir. 2009) (internal quotation marks omitted); see also United States v. Deandrade, 600 F.3d 115, 118 (2d Cir. 2010). Motions for a new trial "should be granted only with great caution and in the most extraordinary circumstances." United States v. Stewart, 433 F.3d 273, 296 (2d Cir. 2006) (internal quotation marks omitted).

1. Counseled Brief

Barcelo primarily argues that he is entitled to a new trial and the reopening of the suppression hearing because the government failed to disclose the statements of Eric Arellano, a cooperating witness whose version of the stop of Barcelo's tractor-trailer differed from that of two DEA agents who testified at the suppression hearing. To establish a Brady violation, a defendant must show that: (1) the undisclosed evidence was favorable to him; (2) the evidence was in the state's possession and was suppressed, even if inadvertently; and (3) he was prejudiced as a result of the prosecution's failure to disclose the evidence. Leka v. Portuondo, 257 F.3d 89, 98 (2d Cir. 2001), citing Strickler v. Greene, 527 U.S. 263, 281–82 (1999).

This Court has never addressed the question of whether the Brady disclosure obligation applies to pre-trial suppression hearings. Even assuming that it does, however, Barcelo's argument that a Brady violation occurred at the suppression hearing fails. First, because Arellano had not yet been questioned about the traffic stop at the time of the suppression hearing, the prosecutor did not have actual possession of Arellano's testimony at that time. Nor did the prosecutor have constructive possession of Arellano's account at the time of the suppression hearing. The "prosecutor is presumed [] to have knowledge of all information gathered in connection with his office's investigation of the case and indeed 'has a duty to learn of any favorable evidence known to [] others acting on the government's behalf in the case, including the police.'" United States v. Avellino, 136 F.3d 249, 255 (2d Cir. 1998), quoting Kyles v. Whitley, 514 U.S. 419, 437 (1995);

3

see also United States v. Payne, 63 F.3d 1200, 1208 (2d Cir. 1995). A prosecutor is deemed to have constructive knowledge of information known to persons who are a part of the "prosecution team." Stewart, 433 F.3d at 298. "[T]he relevant inquiry [for determining whether a person is a member of the prosecution team] is what the person did, not who the person is." Id. Individuals who perform investigative duties or make strategic decisions about the prosecution of the case are considered members of the prosecution team, as are police officers and federal agents who submit to the direction of the prosecutor and participate in the investigation. See United States v. Meregildo, 920 F. Supp. 2d 434, 441 (S.D.N.Y. 2013) (collecting cases).

Under that standard, Arellano was not a member of the "prosecution team" or an "arm of the prosecutor." Stewart, 433 F.3d at 298. We have "never held that the 'prosecution team' includes cooperating witnesses." United States v. Garcia, 509 F. App'x 40, 43 (2d Cir. Jan. 29, 2013). Assuming without deciding that under some circumstances a certain cooperating witness or informant could be found to be a member of the prosecution team, this is not such a case. Barcelo concedes that Arellano did no more than provide information to the government and testify at trial. He played no role in the investigation or in determining investigation or trial strategy. Accordingly, he was no more than a witness whose knowledge cannot be imputed to the prosecutor or agents who had not debriefed him on the relevant subject prior to the suppression hearing. See Stewart, 433 F.3d at 298-99 (holding that an expert witness who analyzed evidence,

4

assisted the prosecution in preparing cross-examination questions, participated in a mock examination, and testified at trial was not a member of the prosecution team).

Second, evidence is not "suppressed" for Brady purposes if the defendant "either knew, or should have known, of the essential facts permitting him to take advantage of any exculpatory evidence." DiSimone v. Phillips, 461 F.3d 181, 197 (2d Cir. 2006) (internal quotation marks omitted); see also United States v. LeRoy, 687 F.2d 610, 619 (2d Cir. 1982) (government was not required to disclose allegedly exculpatory grand jury testimony where the defendant "was on notice of the facts necessary for him to take advantage of such exculpatory testimony as [the identified witnesses] might conceivably furnish"). Barcelo knew that Arellano was present during the traffic stop and might have useful evidence. Because Barcelo knew of the "essential facts" that would have permitted him to take advantage of any impeachment evidence, that evidence was not "suppressed." DiSimone, 461 F.3d at 197.

Finally, Barcelo has failed to establish that the non-disclosure of Arellano's version of events prior to the suppression hearing resulted in prejudice. To establish prejudice, a plaintiff must show the suppressed evidence was material. Lewis v. Connecticut Comm'r of Corr., 790 F.3d 109, 124 (2d Cir. 2015), citing Leka, 257 F.3d at 104. "[The] touchstone of materiality is a reasonable probability of a different result . . . ." Leka, 257 F.3d at 104, quoting Kyles, 514 U.S. at 434. "A reasonable probability of a different result is accordingly shown when the government's evidentiary suppression undermines confidence in the outcome of the trial." Id., quoting Kyles, 514

U.S. at 434. Factual findings related to a motion to suppress are reviewed for clear error. United States v. Singh, 415 F.3d 288, 293 (2d Cir. 2005). The district court, acting as the fact-finder at the suppression hearing, explicitly concluded that Arellano's testimony would not have affected the result of the suppression hearing because, while Arellano's account was in "tension" with the testimony of the DEA agents, it also did not corroborate Barcelo's testimony. A-42. The district court did not commit clear error in reaching this conclusion.

The government did learn of Arellano's version of events at a pre-trial preparation session. Barcelo argues that a Brady violation occurred at his trial because the government failed to disclose Arellano's description of the traffic stop before the trial began. While the government should have promptly disclosed Arellano's testimony, which differed materially from the agents' account, Barcelo has failed to demonstrate that he was prejudiced by the delayed disclosure. Although Barcelo was not able to use Arellano's version of events in his opening statement or during his initial cross-examination of the DEA agents who effected the traffic stop, the jury heard Arellano's testimony and Barcelo was permitted to re-open the cross-examination of the agents and take full advantage of Arellano's account of events to impeach their testimony. Accordingly, Barcelo has failed to establish a reasonable probability of a different result. We therefore conclude that no Brady violation occurred at trial.

6

### 2. Pro Se Submission

Barcelo also argues in a pro se brief that his conviction must be set aside because it was obtained using the perjured testimony of the DEA agents. "[A] conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." United States v. Cromitie, 727 F.3d 194, 221 (2d Cir. 2013), quoting United States v. Agurs, 427 U.S. 97, 103 (1976). To succeed in a challenge to his conviction on this basis, the defendant must prove on appeal that "(i) the witness actually committed perjury; (ii) the alleged perjury was material; (iii) the government knew or should have known of the alleged perjury at time of trial; and (iv) the perjured testimony remained undisclosed during trial." United States v. Zichettello, 208 F.3d 72, 102 (2d Cir. 2000) (citations and internal quotation marks omitted). "Differences in recollection do not constitute perjury, and when testimonial inconsistencies are revealed on cross-examination, the jury is entitled to weigh the evidence and decide the credibility issues for itself." United States v. Josephberg, 562 F.3d 478, 494 (2d Cir. 2009) (citation and internal quotation marks omitted). Barcelo's perjury claim rests on the inconsistencies between Arellano's testimony and that of the DEA agents. These discrepancies were brought out during cross-examination, and were appropriately left for the jury to weigh and consider. The district court did not abuse its discretion in declining to grant a new trial or a mistrial on this ground.

7

We have considered Barcelo's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

8